IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV171-02-MU
(3:01CR193-2-MU)

| | |
|---|---|
| CALVIN E. BUNCH,           )<br>    Petitioner,         )<br>                      )<br>       v.                  )<br>                      )<br>UNITED STATES OF AMERICA,   )<br>    Respondent.         )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon a document captioned as Petitioner's "Motion . . . To Vacate, Set Aside Or Correct Sentence . . . ," filed April 18, 2007.

According to the record of the underlying criminal case, on March 19, 2003, the petitioner was convicted upon his guilty pleas to six counts of bank robbery (in violation of 18 U.S.C. §2113(a)), six counts of armed bank robbery (in violation of 18 U.S.C. §2113(d)); and six counts of using and carrying a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. §924(c)). On May 18, 2004, the Court held a Re-sentencing Hearing at which time it vacated the petitioner's convictions and sentences on the bank robbery charges, and then re-sentenced him to nearly 143 years imprisonment for his convictions on just the armed bank robbery and firearms charges.

The petitioner appealed his case to the Fourth Circuit Court of Appeals. However, on December 7, 2005, the appellate Court's

mandate was issued, affirming this Court's amended sentences. The petitioner did <u>not</u> pursue certiorari review in the U.S. Supreme Court.

Rather, after waiting more than 16 months from the date on which the Court of Appeals' mandate was issued, on April 18, 2007, the petitioner filed the instant Motion to Vacate, alleging that he was subjected to ineffective assistance of counsel. However, notwithstanding whether or not the petitioner's allegations may have any merit, it appears to the Court that the instant Motion to Vacate may be subject to summary dismissal.

That is, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that the petitioner's convictions and sentences became final on or about April 7, 2006, that is, at the expiration of the 90-day period during which the petitioner could have filed (but did not file) a petition for a writ of certiorari in the United States Supreme Court.  See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that in the absence of a petition for a writ of certiorari being filed, the one-year limitation period begins ninety days after the appellate court's decision is rendered).

Equally critically, pursuant to the AEDPA, the petitioner had up to and including April 7, 2007, in which to file the instant Motion to Vacate.  Suffice it to say, however, the petitioner did not file this Motion by that date.  In fact, the petitioner's Motion to Vacate was not even signed by him until a week after his one-year deadline--on April 13, 2007--as evidenced by both the Certificate of Service set forth in his Motion to Vacate and the Verification set forth in his Affidavit.  Consequently, it appears to the Court that the petitioner's Motion under §2255 is time-barred.

Nevertheless, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  In Hill the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition

to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Although there yet is no published case in this Circuit which extends <u>Hill</u> to cases brought under §2255, the Court is aware of several unpublished cases in this Circuit which tend to suggest that such an extension would be adopted by the Circuit Court.

Accordingly, this Court now shall give the petitioner twenty (20) days in which to file a document, explaining why his Motion under §2255 should be deemed timely filed. In particular, the petitioner should advise the Court of those matters which he believes could affect a determination of the timeliness of his Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That within twenty (20) days of the date of this Order, the petitioner shall file a document, explaining why he believes his Motion Under §2255 should be deemed timely filed.

2. That the Clerk shall send copies of this Order to the petitioner and to counsel for the United States.

**SO ORDERED.**

Signed: April 20, 2007

*Graham C. Mullen*
Graham C. Mullen
United States District Judge